UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | NO. 3:17-cr-00025-1 |
| v. | ) | |
| | ) | Chief Judge Crenshaw |
| ROBERT ELLIS WADDEY | ) | |

**UNITED STATES' SENTENCING MEMORANDUM**

The United States, through Donald Q. Cochran, United States Attorney for the Middle District of Tennessee, and Assistant United States Attorney Brent A. Hannafan, hereby provides its position regarding appropriate sentence in this case.

Defendant requested in his sentencing memorandum that this Court impose a sentence of probation. (DE 25, Def. Sent. Memo.) This Court should deny that request.

**Sentencing Considerations**

As stated in defendant's sentencing memorandum, he "has pleaded guilty to a serious crime." (DE 25, PageID #: 91.) The United States agrees. However, defendant also claims that a sentence "even close to" defendant's guidelines range of 6 to 12 months is not necessary to reflect the seriousness of the offense or to promote respect for the law. The United States disagrees. In this case, a sentence of probation would fail to reflect not only the seriousness of the offense but it would also fail to promote respect for the law. More important, a probationary sentence would not "afford adequate deterrence to criminal conduct." Title 18, U.S.C., Section 3553(a)(2)(B). Finally, defendant argues that the "collateral consequences" of his conviction justify a probationary sentence. The United States again disagrees.

In asking this Court to consider the "collateral consequences" of his conviction in

1

imposing sentence, defendant cites several cases in which those defendants' "careers" were derailed and claims one such consequence of his conviction in this case is the "loss of his career." (DE 25, PageID #: 93.) Defendant also states that he will now be ineligible to work in a number of industries, "such as finance, baking" (which defendant presumably meant to describe as "banking," rather than "baking") and other jobs. (*Id.* at PageID #: 94.)

However, the PSR does not describe defendant either as ever having a "career" or attempting to work towards one. Instead, he has not obtained (nor apparently sought to obtain) any formal education since graduating high school in 2014, and his employment has consisted of a series of jobs as a laborer. (PSR, Paras. 48-50.) Further, given his educational struggles, extensive drug and alcohol abuse, and the myriad of mental health disorders from which he suffers, this Court should find that the effect of his felony conviction would have a minimal, if any, effect on his alleged "career."

Defendant also claims he may be ineligible for "many government benefits, such as public housing." (DE 25, PageID #: 94.) Again, such a claim is inappropriate for this particular defendant given that the unlikelihood he will ever seek to reside in government housing. As compared to the vast majority of criminal defendants charged in this District, defendant had an idyllic childhood. He was raised as an only child by two parents, both of whom were employed, and attended private school at times while growing up. (PSR, Paras. 28, 29.) Though he had behavioral problems and abused drugs throughout his teens, he repeatedly received in-patient treatment (presumably at his parents' expense) at a variety of institutions. (PSR, Paras. 30, 35-42.) Finally, defendant resides, and has resided for several years, in his own home (which he jointly owns with his parents). (PSR, Para. 52.) It is noteworthy that, in

2

addition to owning that house, he also has a substantial amount of other assets when compared to the average criminal defendant who appears before this Court. (PSR, Para. 52.) Those assets total over $300,000, and the defendant's father advised the Probation Officer that defendant is able to rely upon his savings to pay for expenses while he is unemployed. (*Id.*, n. 3.)

Finally, defendant's memorandum states that he will be "prohibited from owning a firearm" as another "collateral consequence." (DE 25, PageID #: 94.) In fact, defendant will be legally prohibited from even possessing a firearm, much less owning one. But in light of the conduct that is the basis for his conviction, as well as the offensive and violent images and statements the defendant had saved or made in texts found on his phone (PSR, Paras. 5-7), this Court should find the fact that he can never legally possess a firearm again is a benefit to the community and not a reason to impose a lesser sentence.

## Appropriate Sentence

Based upon the factors set forth in Section 3553(a), the United States respectfully requests this Court impose a custodial sentence that totals 12 months. Specifically, that this Court impose a sentence of 6 months in the custody of the Bureau of Prisons. Then that term of imprisonment would be followed by 2 years of supervised release, with the first 6 months to be served in a community corrections facility. Thus, defendant would serve a total of 12 months in custody – 6 months in prison and 6 months in community corrections. As described in the PSR (Sentencing Recommendation at p. 23), the requested sentence would satisfy the minimum term of a Zone B sentencing range.

The United States also respectfully requests this Court impose a fine of $20,000. Defendant presently owns liquid assets, which he can immediately use to satisfy such a fine.

3

(PSR, Para. 52.)

Title 18, U.S.C., Section 3553(a)(2)(B) requires that this Court shall consider whether the sentence imposed will "afford adequate deterrence to criminal conduct." As this Court is aware, that deterrence is not merely as to the defendant before it but to the community at large. The United States respectfully requests this Court impose a sentence that will send a message that if someone in Middle District of Tennessee threatens a law enforcement officer, there are serious consequences. And there are serious consequences regardless of your background or criminal history. Serious consequences are not merely a conviction and probation. Serious consequences are spending time in prison and paying a substantial fine.

        Respectfully submitted,

        DONALD Q. COCHRAN
        United States Attorney for the

          Middle District of Tennessee

        By: **s/ Brent A. Hannafan**
        Brent A. Hannafan
        Assistant United States Attorney
        A-961 U.S. Courthouse
        110 Ninth Avenue South
        Nashville, Tennessee 37203
        Telephone: 615-736-5151

## CERTIFICATE OF SERVICE

I hereby certify that on January 4, 2018, I electronically served one copy of the United States' Sentencing Memorandum with the Clerk of the Court by using the CM/ECF system, which will notify counsel for defendant.

        **s/ Brent A. Hannafan**
        Brent A. Hannafan

Assistant United States Attorney
110th Avenue South, A96l
Nashville, Tennessee 37203
Phone:   615-736-5151

5